IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| K.N.M., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | Case No. 4:23-CV-169-CDL-MSH |
| : | Social Security Appeal |
| COMMISSIONER OF SOCIAL  : | |
| SECURITY,  : | |
| : | |
| Defendant. : | |

## ORDER

Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the reasons stated below, Plaintiff's motion is **DENIED**. If he wishes to proceed in this action, he must pay the full $402.00 filing fee within **FOURTEEN (14) DAYS**.

## DISCUSSION

Plaintiff moves to proceed without paying a filing fee in this case pursuant to 28 U.S.C. § 1915. Section 1915 provides that a court may authorize a person to proceed in his or her action without the prepayment of fees so long as that person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that 28 U.S.C. § 1915(a)(1) "applies to all persons requesting leave to proceed IFP"). However, "[t]here is no absolute right to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious."

*Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam);[1] *see also*, *e.g.*, *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) ("This privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them.").

A district court has wide discretion in determining whether to grant an applicant's motion to proceed IFP. In exercising this discretion, a district court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307 (internal quotation marks and citation omitted). While an applicant for IFP status need not show that they are "absolutely destitute," they must sufficiently establish that they are "unable to pay for the court fees and costs, and [are unable] to support and provide necessities" for themselves and their dependents. *Id.* (citations omitted).

A review of Plaintiff's affidavit in support of his IFP motion shows that his monthly income has averaged $833.00 during the last twelve months. Mot. to Proceed IFP 1-2, ECF No. 2-1. Based on the submissions in his application, Plaintiff's household yearly income is $71,436.00, including his spouse's income of $5,120.00 per month. Plaintiff states that his total monthly expenses are $1,097.70, while his spouse's monthly expenses are $3,333.00, and he claims two dependents. *Id.* at 3-5.

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court also notes, however, that Plaintiff explains that his income fluctuates from month to month, and that he does not work enough to gross over $3,000 a month. *Id.* at 5. This statement contradicts Plaintiff's statement made under penalty of perjury that his average monthly income during the past twelve months is $833.00.

Given the statements in Plaintiff's affidavit, at least some of which are contradictory, he has failed to show he is unable to pay the filing fee. Plaintiff's household income significantly exceeds the 2023 Poverty Guideline of $30,000 for a four-person household. *See* 2023 HHS Poverty Guidelines, 88 Fed. Reg. 3424, 3424, 2023 WL 255891 (Jan. 19, 2023); *see also Martinez*, 364 F.3d at 1307 n.5 (referring to poverty levels). Plaintiff asserts that his income fluctuates and that he does not always gross $3,000 per month, but he does not explain why he is unable to pay the filing fee in this case at the present time. Consequently, Plaintiff's motion for leave to proceed IFP (ECF No. 2) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed IFP (ECF No. 2) is **DENIED**. Plaintiff shall have **FOURTEEN (14) DAYS** in which to pay the filing fee or this action may be dismissed.

SO ORDERED, this 27th day of August, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE